Rudy Ginez, Jr.,    SBN 084978
**GINEZ, STEINMETZ & ASSOCIATES**
926 North Flower Street
Santa Ana, CA  92703
Tel: (714) 541-2251
Fax: (714) 541-5807
Email: ginez@sbcglobal.net

Attorney for Plaintiff, Erick Rocha Parra

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK ROCHA PARRA, | Case No.: 8:18-cv-00607 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| COUNTY OF ORANGE, and R. SISON and DOES 1 through 5, Deputy Sheriffs for the Orange County Sheriff's Department, | 1) Excessive Use of Force (42 U.S.C. § 1983) |
| | 2) Battery |
| Defendants. | 3) Violation of Bane Act (Cal. Civil Code § 52.1) |
| | **DEMAND FOR JURY TRIAL** |

1
First Amended Complaint for Damages, Demand for Jury Trial

Plaintiff, Erick Rocha Parra, alleges:

**INTRODUCTION**

1. Plaintiff seeks to recover damages for the violation of his federal and state civil rights resulting from the beating and injuries he suffered at the Orange County Men's Jail, Intake/Release Center ("IRC") on May 31, 2016. Plaintiff was arrested for two non-violent misdemeanors on May 30, 2016, and transported to the IRC for intake and booking. Plaintiff was cooperative and complied with all directives during the booking process. Shortly after Plaintiff's booking was completed, Plaintiff was brutally and inexplicably attacked without lawful justification by the Orange County Sheriff's deputy who conducted his booking. There were at least two other Orange County deputy sheriffs who were present during Plaintiff's booking and beating that did nothing to prevent or mitigate Plaintiff's beating even though they had the opportunity to do so. Plaintiff suffered a fractured arm, injuries to his left shoulder, back and head, and extreme physical and emotional pain and suffering. The excessive force used against Plaintiff was consistent with a widespread pattern and practice of excessive use of force used by deputies against detainees and prisoners, which was known to the Orange County Sheriff's Department, and its supervisory personnel. Despite the high number of injuries inflicted on detainees and prisoners due to excessive use of force by deputies, the Orange County Sheriff's Department was deliberately indifferent to the constitutional rights of detainees and prisoners by

2

First Amended Complaint for Damages, Demand for Jury Trial

continuing its custom, practice, and policy of inadequate hiring, training, supervision, disciplining of deputies who used excessive force against detainees and prisoners. This deliberate indifference by the Orange County Sheriff's Department was also the moving force in causing Plaintiff's deprivation of civil rights and damages.

## JURISDICTION AND VENUE

2.  Plaintiff sues for violation of his civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendments to the United States Constitution, as well as California law. This Court has jurisdiction of Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367 (a) because they are substantially related to Plaintiff's federal claims.

3.  Venue is proper in Central District of California pursuant to 28 U.S.C. § 1391 because all of the events giving rise to Plaintiff's claims occurred in the County of Orange.

## PARTIES

4.  Plaintiff Erick Rocha Parra is male of Hispanic descent born on 1995, and he is 22 years of age. Plaintiff is, and at all times herein was, a resident of the County of Orange, California. Plaintiff was a pretrial detainee in the IRC located at 550 N. Flower Street Santa Ana, California, when the events giving rise to his claims occurred.

3

First Amended Complaint for Damages, Demand for Jury Trial

5. Defendant County of Orange ("COUNTY") is a county in the State of California. COUNTY by and through the Orange County Sheriff's Department ("OCSD") manages and operates the Orange County jail facilities.

6. The Sheriff of Orange County is a constitutionally elected official. The Sheriff of Orange County is, and at all times relevant herein was, responsible for establishing policies for the Orange County jail facilities, and the direction and performance of deputies and staff at the OCSD, including, the booking and releases of inmates, and the hiring, training, supervising, and disciplining of deputies and staff at the OCSD jail facilities.

7. On the federal claims, COUNTY is liable to Plaintiff under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution because of the policies, practices, and customs of the OCSD, including the inadequate hiring, training, supervising, and disciplining of its deputies, and the toleration of the excessive use of force used against pretrial detainees and prisoners by its deputies. These policies, practices, and customs were the moving force that deprived Plaintiff of his right not to be subjected to excessive use of force without due process of law, and his resulting injuries and damages.

8. On the state law claims, COUNTY is also liable for Plaintiff's injuries and damages caused by its employees under the theory of respondeat superior. Liability against COUNTY for injuries caused by the acts and omissions of its employees is

based on California Government Code §§ 815.2 and 820, California Civil Code § 52.1 and California Penal Code § 242.

9. Defendant R. SISON ("SISON") and Does 1 through 5 are, and at all times relevant herein were, employees of the OCSD, employed as deputy sheriffs at the Orange County Men's Jail, Intake/Release Center. SISON and Does 1 through 5 are sued in their individual capacity for their own culpable actions or inactions.

10. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 5, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages as herein alleged were proximately caused by their wrongful and illegal conduct.

11. In doing the actions and inactions hereinafter alleged, SISON, and Does 1 through 5, were acting within the course and scope of their agency and employment with the OCSD, and under color of law.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. Before filing this 42 U.S.C. § 1983 action for the injuries and damages herein alleged, Plaintiff exhausted available administrative remedies by filing a "Personnel Complaint Form" with the OCSD on July 18, 2017, in compliance with 42

U.S.C. § 1997e (a). The OCSD failed to act upon Plaintiff's complaint. A true and correct copy of the Personnel Complaint Form is attached hereto as **EXHIBIT 1**.

13. Before filing this action for the injuries and damages herein alleged, Plaintiff exhausted his administrative remedies by timely presenting his Claim for Damages to the Clerk of the Board of Supervisors for the County of Orange on November 22, 2017, in compliance with California Government Code §§ 905, 910, 910.2, and 911.2. A true and correct copy of Plaintiff's Claim for Damages is attached hereto as **EXHIBIT 2**. Defendant County of Orange failed to act on the claim within a period of 45 days after presentation, and the claim was thus deemed rejected under Government Code § 912.4 at the expiration of the 45 day period on January 6, 2017.

## FACTUAL ALLEGATIONS

14. On Memorial Day, May 30, 2016, at approximately 6:30 p.m., Plaintiff was arrested by City of Orange Police Officers for two non-violent misdemeanors. He was later transported to the IRC for booking. On May 31, 2016, at approximately 1 a.m., Plaintiff had a casual conversation with an OCSD deputy sheriff handling his intake and booking who he believes is SISON. Plaintiff had noticed that SISON was performing his duties with other detainees in a rude and aggressive manner. Even so, Plaintiff was cooperative with SISON. However, after the booking process was completed, SISON became more rude and aggressive and brutally attacked Plaintiff for absolutely no reason. While Plaintiff was standing nearby, SISON grabbed

Plaintiff's arms and pulled and twisted them high behind his back with great force while at the same time pushing Plaintiff forward and downward. This caused Plaintiff to fall hard to the floor, face first, without being able to break his fall. While Plaintiff was on the floor, SISON came down hard with his knees onto Plaintiff's back, forcing his head and face to the floor. At this same instant, SISON continued to forcefully pull and twist Plaintiff's arms behind his back. During this attack, Plaintiff heard his left arm break and felt excruciating pain. All Plaintiff did in response to this attack was to yell at SISON that he could not breathe, and to stop hurting him.

15. Two male deputy sheriffs, Doe 2 and Doe 3, who were nearby during the encounter between SISON and Plaintiff, approached Plaintiff while he was on the floor in extreme pain. Plaintiff told Doe 2 and Doe 3 that his arm was broken, that he was in extreme pain, and that he needed to be taken to the hospital for medical treatment. Plaintiff also told Doe 2 and Doe 3 that he wanted the badge number of the OCSD deputy sheriff that broke his arm. They told him, no, and they also told SISON to leave the area. Soon thereafter Plaintiff was transported to the hospital for medical treatment. After receiving medical treatment at the hospital Plaintiff was returned to the IRC. Later in the day, Plaintiff was released from the IRC on his own recognizance.

16. Plaintiff is informed and believes, and thereon alleges, that Doe 2 and Doe 3, failed to prevent SISON from physically striking Plaintiff about his body and breaking Plaintiff's arm even though they had the opportunity to do so.

17. Plaintiff was cooperative during the entire booking process. Plaintiff did physically resist or say or do anything to SISON or anyone else to provide a reason for his brutal beating. Plaintiff was never combative toward SISON or any other OCSD deputy sheriff or jail personnel. Plaintiff was not charged with any violation of the law for events that occurred during his booking process.

## **FIRST CLAIM FOR RELIEF**

**Excessive Force (42 U.S.C. § 1983) Fourteenth Amendment**

**(Against All Defendants)**

18. Plaintiff realleges each and every allegation contained in paragraphs 1 through 7, 9 through 12, and 14 through 17, as though set forth in full.

19. In acting as alleged in paragraph 14, above, i.e., grabbing Plaintiff's arms and pulling and twisting them high behind Plaintiff's back with great force while at the same time pushing Plaintiff hard to the floor, forcefully kneeing Plaintiff's back, forcefully pushing his head and face to the floor, and breaking Plaintiff's left arm, all without justification, SISON violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution to be free from the excessive force and infliction of punishment without due process of law.

20. In failing to act as alleged in paragraphs 14, 15, and 16, above, i.e., failing to prevent SISON from physically striking Plaintiff about his body and breaking Plaintiff's left arm even though they had the opportunity to do so, Doe 2 and Doe 3 violated Plaintiff's rights under the Fourteenth Amendments of the United States Constitution to be free from the excessive force and infliction of punishment without due process of law.

21. Plaintiff is informed and believes, and thereon alleges, that for many years before May 31, 2016, a substantial number of OCSD deputy sheriffs including SISON, had used, and continued to use unnecessary and excessive force against pretrial detainees and prisoners without lawful justification.

22. Plaintiff is informed and believes, and thereon alleges, that for many years before May 31, 2016, the COUNTY, OCSD, OCSD policymakers, and OCSD supervisory personnel knew, or in the exercise of reasonable care should have known that a substantial number of OCSD deputy sheriffs, including SISON, had used, and continue to and use unnecessary and excessive force against pretrial detainees and prisoners without lawful justification.

23. Plaintiff is informed and believes, and thereon alleges, that for many years before May 31, 2016, and up to the present date, the COUNTY, OCSD, OCSD policymakers, and OCSD supervisory personnel:

a) Failed to provide adequate education, training, and supervision to OCSD deputy sheriffs on the constitutional limits of the use of force on pretrial detainees and prisoners;

b) Failed to adequately hire, discipline and supervise OCSD deputy sheriffs involved in excessive use of force incidents;

c) Failed to adequately investigate complaints against OCSD deputy sheriffs alleging excessive use of force on pretrial detainees and prisoners;

d) Failed to have adequate video and audio surveillance cameras in the jail facilities as a method to prevent excessive use of incidents, and to maintain safety for prisoners and staff;

e) Failed to practice and enforce proper reporting of, and investigation of, excessive use of force incidents by OCSD deputy sheriffs within the jail facilities; and,

f) Failed to adequately discipline OCSD deputy sheriffs who have been found to have deliberately concealed, or failed to disclose, information about a fellow OCSD deputy sheriff's use of excessive force on pretrial detainees and prisoners.

24. As a result of the failures, omissions, and deliberate indifference, as alleged in paragraph 23, above, COUNTY, OCSD, OCSD policymakers, and OCSD supervisory personnel, in effect, tolerated and tacitly approved the policy, practice,

and custom of permitting OCSD deputy sheriffs to use excessive force against pretrial detainees and prisoners without being held accountable.

25. The COUNTY's and OCSD's policy, practice, and custom of permitting, tolerating, and condoning OCSD deputy sheriffs to use excessive force against pretrial detainees and prisoners without being held accountable, and without due process of law, caused SISON to use unnecessary, unreasonable, and excessive force against Plaintiff, and caused Doe 2 and Doe 3, not to prevent the use of excessive force upon Plaintiff by SISON.

26. In doing the actions and inactions as alleged in paragraphs 18 through 25, above, Defendants and each of them, subjected or caused Plaintiff to be subjected to excessive force and punishment without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

27. As a direct and proximate result of the wrongful actions and inactions of Defendants, and each of them, Plaintiff was placed in great fear for his physical well-being, and he suffered fright, emotional distress, and mental anguish.

28. As a direct and proximate result of the wrongful actions and inactions of Defendants, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining a fractured left arm, bruises, and contusions to his body, all of which caused him to suffer extreme physical and emotional pain, suffering and

disability. As a result of these injuries, Plaintiff has suffered, and in the future, will continue to suffer, general damages in the amount of $300,000.

29. As a direct and proximate result of the wrongful actions and inactions of Defendants and each of them, Plaintiff incurred, and in the future, will continue to incur medical and related expenses to his damage in the amount of $10,000.

30. As a direct and proximate result of the wrongful actions and inactions of Defendants and each of them, and Plaintiff was unable to work for several months and thereby incurred a loss of wages in the amount $10,000.

31. In acting as alleged in this complaint, SISON acted knowingly, willfully, maliciously, oppressively, and with reckless disregard for Plaintiff's safety and civil rights. Plaintiff thereby seeks punitive and exemplary damages in the amount of $100,000.

32. As a further direct and proximate result of the wrongful conduct of Defendants and each of them, Plaintiff has been compelled to incur attorney's fees and other litigation costs to vindicate the violation of his constitutional rights and Plaintiff thereby requests an award of attorney's fees pursuant to 42 U.S.C. Section 1988, according to proof.

/////

/////

## SECOND CLAIM FOR RELIEF

## Battery

## (Against SISON and COUNTY)

33. Plaintiff realleges each and every allegation contained in paragraphs 1 through 5, 8, 9, 11, 13, 14, and 17, of this complaint as though set forth in full.

34. After completion of Plaintiff's booking at the IRC on May 31, 2016, SISON, the OCSD deputy sheriff who performed Plaintiff's booking process, brutally attacked Plaintiff for absolutely no reason. SISON grabbed Plaintiff's arms and pulled and twisted them high behind Plaintiff's back with great force while at the same time pushing Plaintiff forward and downward. This caused Plaintiff to fall hard to the floor, stomach and face first, without being able to break his fall. While Plaintiff was on the floor, SISON came down hard with his knees onto Plaintiff's back and forcefully pushing his head and face to the floor. At this same instant, SISON continued to forcefully pull and twist Plaintiff's arms behind his back. During this attack, Plaintiff heard his left arm break and felt excruciating pain.

35. In doing the acts as alleged in paragraph 34, above, SISON acted with the intent to make harmful physical contact with Plaintiff's person.

36. At no time did Plaintiff consent to this violent physical contact upon his person. At no time did Plaintiff agree to, or intend to engage in any mutual physical combat with SISON.

37. As a direct and proximate result of the wrongful actions of SISON, Plaintiff was placed in great fear for his physical well-being and he suffered fright, emotional distress, and mental anguish.

38. As a direct and proximate result of the wrongful actions of SISON, Plaintiff was injured in his health, strength, and activity, sustaining a fractured left arm, bruises, and contusions to his body, all of which caused him to suffer extreme physical and emotional pain, suffering, and disability. As a result of these injuries, Plaintiff has suffered, and in the future, will continue to suffer, general damages in the amount of $300,000.

39. As a direct and proximate result of the wrongful actions SISON, Plaintiff incurred, and in the future, will continue to incur medical and related expenses to his damage in the amount of $10,000.

40. As a direct and proximate result of the wrongful actions of SISON, Plaintiff was unable to work for several months, and thereby lost wages in the amount of $10,000.

41. In acting as alleged in this complaint, SISON acted knowingly, willfully, maliciously, oppressively, and with reckless disregard for Plaintiff's safety and civil rights. Plaintiff thereby seeks punitive and exemplary damages against SISON in the amount of $100,000.

# THIRD CLAIM FOR RELIEF

## Violation of Bane Act (Cal. Civil Code § 52.1)

### (Against SISON and COUNTY)

42. Plaintiff realleges each and every allegation contained in paragraphs 1 through 5, 8, 9, 11, 13, 14, and 17, of this complaint as though set forth in full.

43. SISON interfered or attempted to interfere by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and under the California and Federal Constitutions, including the right to be free from excessive force, bodily injury and punishment, without due process of law, including his rights under Cal. Civil Code § 43, Cal. Penal Code § 242, and his rights under the Fourteenth Amendment to the United States Constitution, and under Article 1, section 1 of the California Constitution.

44. SISON engaged in such despicable acts of threats, intimidation, and coercion, when in breach of his oath to support and defend the Constitution of the United States and the Constitution of the State of California, he pulled and twisted Plaintiff's arms high behind Plaintiff's back with great force while at the same time pushing Plaintiff forward and downward to the floor, then came down hard with his knees onto Plaintiff's back, forcefully pushing his head and face to the floor, and breaking Plaintiff's left arm in the process.

45. As a direct and proximate result of the wrongful actions of SISON, Plaintiff was injured in his health, strength, and activity, sustaining a fractured left arm, bruises, and contusions to his body, all of which caused him to suffer extreme physical and emotional pain, suffering and disability. As a result of these injuries, Plaintiff has suffered, and in the future, will continue to suffer, general damages in the amount of $300,000.

46. As a direct and proximate result of the wrongful actions of SISON, Plaintiff incurred, and in the future, will continue to incur medical and related expenses to his damage in the amount of $10,000.

47. As a direct and proximate result of the wrongful actions of SISON, Plaintiff was unable to work for several months and thereby lost wages in the amount of $10,000.

48. In acting as alleged in this complaint, SISON acted knowingly, willfully, maliciously, oppressively, and with reckless disregard for Plaintiff's safety and civil rights. Plaintiff thereby seeks punitive and exemplary damages against SISON in the amount of $100,000.

49. As a further direct and proximate result of the wrongful conduct of SISON, Plaintiff has been compelled to incur attorney's fees and other litigation costs to vindicate the violation of his state and federal constitutional rights, and Plaintiff

thereby requests an award of attorney's fees pursuant to California Civil Code § 52.1 (h), according to proof.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, jointly and severally, as follows:

1. For general damages in the amount of $300,000;
2. For medical and related expenses in the amount of $10,000;
3. For lost wages in the amount of $10,000;
4. For punitive and exemplary damages against SISON only, in the amount of $100,000;
5. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and California Civil Code § 51.2 (h), according to proof;
6. For costs of suit herein incurred; and,
7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GINEZ, STEINMETZ & ASSOCIATES**

*/s/ Rudy Ginez, Jr.*

Dated:  5/22/18

Rudy Ginez, Jr.,
Attorney for Plaintiff, Erick Rocha Parra

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:    5/22/18

*/s/ Rudy Ginez, Jr.*

Rudy Ginez, Jr.,
Attorney for Plaintiff, Erick Rocha Parra